IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY J. SKARDA, as Personal
Representative of the Estate of Lynell G. Skarda,

      Plaintiff,

v.                                          Case No. 09-CV-1186-KG-WLP

JOHNSON & JOHNSON, a corporation,
ORTHO-McNEIL PHARMACEUTICAL, INC.,
a corporation, ORTHO-McNEIL-JANDSSEN
PHARMACEUTICALS, INC., a corporation
and JOHNSON & JOHNSON
PHARMACEUTICAL RESEARCH AND
DEVELOPMENT, L.L.C., a corporation,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court on two pending motions: Plaintiff's Motion to

Approve Designation of Expert Witness (Plaintiff's Motion to Approve); and Defendants'

Expedited Motion to Deem Plaintiff's Rule 26 Expert Disclosures Insufficient and to Exclude

Plaintiff's Expert Witnesses (Defendants' Expedited Motion).   (Docs. 48 and 51).   On May 20,

2014, Defendants filed a response to Plaintiff's Motion to Approve, and, on May 29, 2014,

Plaintiff filed a reply.   (Docs. 54 and 60).   On May 20, 2014, Plaintiff filed a response to

Defendants' Expedited Motion, and, on June 2, 2014, Defendants filed a reply.   (Docs. 55 and

61).   On June 20, 2014, the Court held a hearing on the two pending motions.   Present at the

hearing were Michael T. Garrett, counsel for Plaintiff, and Tiffany L. Roach Martin, Timothy C.

Holm, and William Essig[1], counsel for Defendants.   Having considered Plaintiff's Motion to

Approve, Defendants' Expedited Motion, the corresponding briefs, the evidence of record, and

---

[1] Mr. Essig appeared telephonically.

the argument of counsel at the June 20, 2014, hearing, the Court denies Plaintiff's Motion to

Approve and grants, in part, Defendants' Expedited Motion.

A. *Plaintiff's Motion to Approve*

    *1. Background*

    On July 18, 2013, the Court set a January 17, 2014, deadline for Plaintiff to designate his

expert witnesses.  *See* (Doc. 30).  Subsequently, the Court granted Plaintiff an extension of that

deadline for the sole purpose of designating Jeffrey Skarda's treating physicians, Dr. Brian

Willmon and Dr. Jacob George.  *See* (Doc 40).  On March 27, 2014, Plaintiff filed a designation

of expert witness naming Brian McDonald, Ph.D. as a retained testifying expert witness for

economic damages for Skarda's estate.  (Doc. 41).  Plaintiff now moves the Court to approve his

expert designation of Dr. McDonald.  Defendants oppose the expert designation of Dr.

McDonald because: (1) Plaintiff untimely disclosed Dr. McDonald as an expert witness, and (2)

Dr. McDonald's expert report is insufficient under Fed. R. Civ. P. 26(a)(2)(B).

    *2. Discussion*

    A party must make an expert disclosure "at the times and in the sequence that the court

orders."  Fed. R. Civ. P. 26(a)(2)(D).  If the witness is one retained to provide expert testimony,

the disclosure must be accompanied by a written report prepared and signed by the witness.  Fed.

R. Civ. P. 26(a)(2)(B).  The expert report must contain "a complete statement of all opinions the

witness will express and the basis and reasons for them," as well as information about the data

considered, the witness's qualifications, the compensation earned, and any other recent cases in

which the expert offered testimony.  *Id.*

If a party fails to disclose an expert witness as required by Rule 26(a), that party cannot "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 26(a)(2)(B)] was either justified or harmless and therefore deserving of some lesser sanction." *Wilson v. Bradlees of New England Inc.,* 250 F.3d 10, 21 (1st Cir. 2001).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (citation omitted). In exercising its discretion, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc., v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). Nevertheless, the following factors guide the Court's discretion: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen*, 287 F.3d at 953.

At the June 20, 2014, hearing, the Court denied Plaintiff's Motion to Approve for several reasons. First, the Court denied the motion as untimely because it violated the Court's January 17, 2014, deadline for Plaintiff's expert witness designations. Second, the Court found that Dr. McDonald's expert report is insufficient and does not meet the requirements of Rule 26(a)(2)(B). For these reasons, the Court will not permit Dr. McDonald to testify at trial as an expert witness.

B. *Defendants' Expedited Motion*

    1. *Background*

As discussed above, the Court set a January 17, 2014, deadline for Plaintiff to designate his expert witnesses.  On January 23, 2014, Plaintiff filed a Motion for Extension of Time requesting that the Court extend the deadline until May 1, 2014, for "production of the report of designated testifying experts Dr. Brian Willmon and Dr. Jacob George."  (Doc. 37).  The Court denied the request on the basis that it was deficient in several respects.  (Doc. 38).  Subsequently, Plaintiff filed a Second Motion for Extension of Time which the Court granted, extending the deadline for Plaintiff to disclose Dr. Willmon and Dr. George until May 1, 2014.  (Docs. 39, 40).

On April 30, 2014, Plaintiff filed with the Court two "Designation[s] of Retained Testifying Expert" for Skarda's treating physicians, Dr. Willmon and Dr. George.  (Docs. 44, 46).  The designations indicate that both treating physicians are "retained" and are being designated pursuant to Rule 26(a)(2)(B).  Neither designation contains an expert report.  Instead, the designations provide a brief explanation of the physicians' "Areas of Expertise."

Dr. Willmon's "Area of Expertise" section states:

> Knowledge of [Skarda's] history as a patient and opinion as to causation of Achilles Tendon ruptures respecting Levaquin administration.  Dr. Willmon has expert background in pharmacy and has expert knowledge of the effects of Levaquin, particularly in respect to [Skarda].  Dr. Willmon's records are produced to Defendants in Bates Numbered LSG000100-LGS000145.  His cv has been requested and will be produced when received.

(Doc. 44).  Similarly, Dr. George's "Area of Expertise" section states:

> Dr. George is an orthopedic surgeon who performed the Achilles Tendon rupture surgery for [Skarda].  He is an expert in regard to his opinions as to causation of the ruptures respecting the drug Levaquin and will testify concerning that Causation and the effects of the injuries to [Skarda].  His records are provided to

4

Defendants in Bates Production Nos. LGS000146- LGS000168.  Dr. George's cv
has been requested and will be produced when received.

(Doc. 46).

Defendants now move the Court for an expedited order deeming that (1) Plaintiff's
disclosures of Skarda's treating physicians are insufficient, and (2) excluding Plaintiff's treating
physicians from testifying at trial.  Defendants argue that Plaintiff's disclosures are insufficient
because: (1) Plaintiff disclosed the treating physicians as retained expert witnesses under Rule
26(A)(2)(B) without attaching expert reports; or, (2) in the alternative, if the Court determines
that Skarda's treating physicians are non-retained experts, the disclosures do not adequately
provide a summary of the facts and the treating physicians' opinions, as required by Fed. R. Civ.
P. 26(a)(2)(C).

Plaintiff argues that Skarda's treating physicians qualify as non-retained experts under
Rule 26(a)(2)(C) and, thus, were not required to submit expert reports pursuant to that rule.
Plaintiff states that, despite his numerous references to Dr. Willmon and Dr. George as "retained
experts" pursuant to Rule 26(a)(2)(B), he intended his medical experts to be disclosed as treating
physicians pursuant to Rule 26(a)(2)(C).  *See* (Doc. 55) at 2; Transcript of Hearing (Tr.), taken
June 20, 2013, at 17.[2]  To support this contention, Plaintiff states that both Dr. Willmon and Dr.
George's testimony will "only be in reference to Mr. Skarda's treatment and injuries."  (Doc. 55)
at 3; Tr. at 17-18, 23.  In reference to Skarda's treatment, the treating physicians intend to testify
that "Levaquin caused the Achilles Tendon fractures to [Skarda]" and Dr. Willmon will testify
that the written notice for Levaquin was inadequate.  (Doc. 55) at 3; Tr. at 17-18, 23.
Specifically regarding Levaquin's written notice, Plaintiff wishes Dr. Willmon to testify that he

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original,
unedited version. Any final transcript may contain slightly different page and/or line numbers.

read the notice label on the drug's packaging and that the notice label was not adequate to warn him of the potential risks to a patient's tendons when taking Levaquin.  Tr. at 17; (Doc. 55-1) at 7.

*2. Discussion*

The issue before the Court is whether Skarda's treating physicians are retained experts, subject to the retained expert witness report requirement of Rule 26(a)(2)(B), or, if the treating physicians are non-retained expert witnesses, whether Plaintiff's disclosure met the requirements of Rule 26(a)(2)(C).  Rule 26(a)(2) involves the disclosure of expert witnesses and creates two distinct types of expert witness: (1) a retained expert witness who is required to produce a comprehensive written and signed expert report pursuant to Rule 26(a)(2)(B); and (2) a non-retained expert witness who is required to provide a summary of facts and opinions pursuant to Rule 26(a)(2)(C).  *See* Fed. R. Civ. P 26(a)(2)(B)-(C).  Treating physicians generally fall into the latter category and are not subject to the retained expert report requirement if they limit their testimony to matters within the scope of the care and treatment of their patients.[3]  *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995).  *Id.; see also Farris v. Intel Corp.*, 493 F.Supp.2d 1174, 1179-80 (D.N.M. 2007) (noting that Advisory Committee notes to 1993 amendments single out treating physicians as example of class of experts who typically do not need to submit written report).  On the other hand, if a treating physician is asked to review the records or reports of another physician in anticipation of trial in order to render opinion testimony, the treating physician must submit a retained expert report.  *Wreath* 161 F.R.D. at 450 ("For example, a treating physician requested to review medical records of another health care

---

[3] For a helpful overview of expert disclosures of treating physicians, *see* William P. Lynch, *Doctoring the Testimony: Treating Physicians, Rule 26, and the Challenges of Causation Testimony*, 33 REV. LITIG. 249 (forthcoming July 2014).

provider in order to render opinion testimony concerning the appropriateness of the care and treatment of that provider would be specially retained notwithstanding that he also happens to be the treating physician.").

Nonetheless, if Rule 26(a)(2)(C) exempts treating physicians from filing an expert report, the party offering the treating physicians must still comply with the disclosure requirements under that rule, which state that the offering party must file a disclosure containing "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

In this case, Plaintiff disclosed Skarda's treating physicians as retained experts pursuant to Rule 26(a)(2)(B) but did not submit an accompanying expert report.  Plaintiff explains that he mistakenly made that designation and intends to offer the physicians as simply treating physicians and not as retained expert witnesses.  Accordingly, the Court ruled at the June 20, 2014, hearing that Dr. Willmon and Dr. George may not proffer any retained expert opinions that Levaquin caused Skarda's injuries as such opinions are outside the scope of the physicians' care and treatment of Skarda.

Dr. Willmon and Dr. George, however, may testify about any matters within the scope of their actual care and treatment of Skarda.  This may include testimony regarding "causation, diagnosis, prognosis, and the extent of Plaintiff's disability or injury derived from [their] observations and treatment" in so far as such testimony was derived from their "personal knowledge and observations obtained during [their] course of care and treatment of Plaintiff."  *Farris*, 493 F. Supp. 2d at 1180.  There is a distinction between the care and treatment causation opinions that the physicians may opine about and the impermissible causation opinion that

embraces the ultimate issue, *i.e.*, whether Levaquin caused Skarda's injuries.  Furthermore, Dr.

Willmon properly may testify that he read the Levaquin's label and, based on the information

contained in the label, did not feel as though it properly warned him of the risks involved in

prescribing the drug.  Dr. Willmon, however, may not opine that "Levaquin is unreasonably

dangerous because it was sold to [Skarda] without adequate warnings," or that "Defendants

failed to exercise ordinary care in the labeling of Levaquin."  (Doc. 1) at 22, 24.  Additionally,

the Court finds that Plaintiff's disclosure of Skarda's treating physicians meets the requirements

of Rule 26(a)(2)(C).  Therefore, the Court grants Defendants' Expedited Motion, in part.

 IT IS ORDERED that

 1. Plaintiff's Motion to Approve (Doc. 48) is denied;

 2. Brian McDonald, Ph.D. is not permitted to testify as an expert witness;

 3. Defendants' Expedited Motion (Doc. 51) is granted, in part;

 4. Dr. Brian Willmon and Dr. Jacob George are not permitted to testify as retained expert

witnesses, including that they will not be permitted to proffer testimony that Levaquin caused

Mr. Skarda's injuries; and

 5. Dr. Willmon and Dr. George are permitted to testify as non-retained expert witnesses.

_____
UNITED STATES DISTRICT JUDGE